UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

WILLIAM HAROLD DOTHARD,

        Petitioner,

                                                  Case Number 13-15217
v.                                                  Honorable David M. Lawson
                                                  Magistrate Judge Paul J. Komives

DUNCAN MacLAREN,

       Respondent.
_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, OVERRULING PETITIONER'S OBJECTIONS, AND DENYING PETITION FOR WRIT OF HABEAS CORPUS

Before the Court are objections by petitioner William Harold Dothard to a report issued by Magistrate Judge Paul J. Komives recommending that Dothard's petition for a writ of habeas corpus be denied. Dothard was convicted by a Wayne County, Michigan jury of first-degree (felony) murder, armed robbery, first-degree home invasion, and possession of a firearm during the commission of a felony (felony-firearm). He is currently serving a two-year prison term for felony-firearm, and a consecutive life-without-parole prison sentence for the murder conviction, along with lesser, concurrent prison terms for the other crimes. He filed his habeas corpus petition *pro se*. After the state answered the petition, Dothard filed a reply combined with a motion for an evidentiary hearing. That document raised new issues, which had not been presented to the Michigan courts. In his report, Judge Komives also recommended that the motion for evidentiary hearing be denied. The Court has conducted a *de novo* review of the petition, response, reply, and state court record, and agrees with the magistrate judge's conclusions. Therefore, the Court will overrule the objections, adopt the magistrate judge's recommendation, and deny the petition and motion.

I.

The prosecution arose from the robbery and killing of Jamal Harper by five individuals in Detroit, Michigan in 2009. Three pleaded guilty to second-degree murder; two, including Dothard, went to trial, although separate juries heard their cases. The petitioner's co-defendant, Dreshawn Grant, was convicted of first-degree home invasion, but acquitted of the murder and robbery charges. The facts of the case were summarized by the state court of appeals as follows:

> Defendants' convictions arise from the shooting death of 29-year-old Jamal Harper during the commission of a robbery. Three others were also charged in the offense, Elesha Fullwood, Treisa Lyles, and Dione Wade. Lyles and Fullwood both pleaded guilty to second-degree murder pursuant to plea agreements in which they agreed to testify truthfully for the prosecution. Wade was charged with first-degree premeditated murder, but pleaded guilty to second-degree murder and felony-firearm pursuant to a plea agreement. Wade was called as a defense witness by defendant Dothard. Testimony at trial indicated that Lyles, Fullwood, Wade, and defendants Grant and Dothard were all at a house together when someone raised the idea of committing a robbery. According to Lyles, defendant Grant, who was Lyles's boyfriend, identified Jamal Harper as a potential target. Defendant Grant had previously found Harper's telephone number in Lyles's purse and he threatened to end his relationship with Lyles if she did not agree to contact Harper to arrange to meet. Lyles thereafter contacted Harper, who later picked up Lyles and Fullwood and brought them back to his house. According to both Lyles and Fullwood, at some point later that evening, Wade and defendant Dothard both entered Harper's house at gunpoint and announced a robbery. Wade and defendant Dothard later brought Harper to the basement of his house where he was eventually shot to death, apparently by Wade. The women and defendant Dothard then removed several garbage bags of clothing, jewelry, and other items from Harper's house, and the group returned to the house where they were at previously and divided up the stolen property. According to Lyles and other witnesses, defendant Grant was present at the house, and Lyles and another witness both testified that Grant received a share of the stolen property. Wade testified at trial on behalf of defendant Dothard. Wade testified that, contrary to the testimony of other witnesses, defendant Dothard was not involved in the planning or commission of the offense.

*People v. Grant*, No. 298711, 2012 WL 2402053, at *1 (Mich. Ct. App. June 26, 2012). On April 20, 2010, following the jury trial, the petitioner was convicted of the crimes listed above. In addition to the life prison term for murder, Dothard was sentenced to concurrent terms of 11-20

years imprisonment for robbery and home-invasion convictions, and two years consecutive imprisonment for felony-firearm. The petitioner filed a direct appeal in the Michigan Court of Appeals, raising the issues noted by the magistrate judge that consisted of a challenge to the adequacy and weight of the evidence, competence of trial counsel, misconduct of the prosecutor, and improper impeachment of the petitioner's confederate witness. Dothard's conviction and sentence were affirmed on June 26, 2012. *People v. Grant*, No. 298711, 2012 WL 2402053 (Mich. Ct. App. June 26, 2012). The state supreme court denied Dothard's application for leave to appeal on December 26, 2012. *People v. Dothard*, 493 Mich. 918, 823 N.W.2d 596 (2012).

On December 23, 2013, Dothard filed his petition for a writ of habeas corpus, raising the same issues presented to the state courts. The state filed a response on July 2, 2014. On July 23, 2014, the petitioner filed a reply, which included a motion for an evidentiary hearing, leave to conduct limited discovery, and a request for counsel. In that paper, he raised the following new issues: (1) appellate counsel was ineffective by failing to raise a claim that trial counsel was ineffective by failing to challenge an evidentiary insufficient theory of aiding and abetting murder submitted to the jury; (2) appellate counsel also was ineffective by failing to raise a claim that trial counsel was ineffective by failing to object to the defective jury oath; (3) evidence of the time of death was "extrinsic" and therefore improper, and it failed to establish beyond a reasonable doubt that the crime occurred on the date charged in the information; (4) the trial court's instructions on aiding and abetting and felony murder were improper; and (5) convictions and sentences for both felony murder and the predicate felony violated the Double Jeopardy Clause. The magistrate judge's report recommending denial of the petition and evidentiary hearing was filed on September 9, 2014.

The petitioner filed objections to the report and recommendation on September 22, 2014 [dkt. #15]. Those objections are currently before the Court.

II.

When timely objections to a report and recommendation are filed, the Court gives fresh review to those issues that are contested. "A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Sixth Circuit has stated that "[o]verly general objections do not satisfy the objection requirement." *Spencer v. Bouchard*, 449 F.3d 721, 725 (6th Cir. 2006). "The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious." *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995). "'[O]bjections disput[ing] the correctness of the magistrate's recommendation but fail[ing] to specify the findings . . . believed [to be] in error' are too general." *Spencer*, 449 F.3d at 725 (quoting *Miller*, 50 F.3d at 380). "[T]he failure to file specific objections to a magistrate's report constitutes a waiver of those objections." *Cowherd v. Million*, 380 F.3d 909, 912 (6th Cir. 2004).

A.

The magistrate judge applied the deferential review standard mandated by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214. As amended, 28 U.S.C. § 2254(d) permits a federal court to issue the writ only if the state court decision on a federal issue "was contrary to, or involved an unreasonable application of, clearly established [f]ederal law, as determined by the Supreme Court," or it amounted to "an unreasonable

determination of the facts in light of the evidence presented in the State court proceedings." 28 U.S.C. § 2254(d)(1)-(2); *Harrington v. Richter*, --- U.S. ---, 131 S. Ct. 770, 785-86 (2011) (holding that the AEDPA requires a federal habeas court to review state court decisions with "deference and latitude," and "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's ruling." (quoting *Yarborough v. Alvarado*, 541 U.S. 652 (2004))). The Sixth Circuit observed recently that "[t]his is a very high standard, which the [Supreme] Court freely acknowledges." *Peak v. Webb*, 673 F.3d 465, 472 (6th Cir. 2012).

Citing *McQuinnin v. Perkins*, --- U.S. ---, 133 S. Ct. 1924, 1928 (2013), the petitioner contends that a more lenient standard of review applies because he has made a claim of actual innocence. For the reasons discussed below, the petitioner is incorrect. The petition must be assessed using AEDPA's deferential standard of review.

B.

The magistrate judge observed that the petitioner's argument that the jury's verdict was against the weight of the evidence presented a state law issue that is not cognizable on habeas review. He also concluded that the state court correctly found that there was sufficient evidence to prove his guilt beyond a reasonable doubt of felony-murder and the other crimes.

Next, the magistrate judge concluded that the petitioner is not entitled to habeas relief on his claim that he was denied a fair trial by the introduction of evidence that Wade had pleaded guilty to another murder and had been involved in a hostage situation in which he shot at the police. He reasoned, as did the state court, that the evidence was relevant to show that Wade had little to lose by exonerating the petitioner and accepting full blame for the murder. Even if the evidence was

improperly admitted for impeachment purposes as a matter of state law, the petitioner could not show that the admission of this evidence violated his right to a fair trial. The magistrate judge noted that there is no clearly established federal law, as determined by the Supreme Court, which prohibits the impeachment of a witness with a prior felony conviction.

Finally, the magistrate judge concluded that the petitioner is not entitled to habeas relief on either of his two ineffective assistance of counsel claims. On the question whether the relationship with the petitioner's assigned counsel had disintegrated, the magistrate judge reasoned that the petitioner failed to establish good cause for substitution of counsel because the petitioner never expressed any dissatisfaction with counsel or asserted a breakdown in communication before or during trial. Nor did the petitioner identify any irreconcilable conflict or breakdown in attorney client relationship. Even if the trial court erred, the magistrate judge found that the petitioner could not show prejudice.

The magistrate judge also concluded that counsel was not ineffective by failing to object to the prosecutor eliciting from prosecution witnesses that their plea deals with the prosecutor required them to provide truthful testimony. The magistrate judge canvassed the applicable authority, finding that the prosecutor's questions constituted neither vouching nor bolstering; the prosecutor did not express his personal belief in the witnesses' credibility, nor did he suggest that he had some special knowledge beyond the record of the witnesses' truthfulness. Instead, the magistrate judge concluded that the prosecutor did no more than place before the jury the terms of the witnesses' plea agreement.

Addressing the new matters raised in the petitioner's reply brief, the magistrate judge concluded that the petitioner is not entitled to an evidentiary hearing to develop several claims that

the petitioner first raised there because they were not raised in the petitioner's habeas application, the petitioner has not sought leave to amend the petition, and, because the claims were not raised in state court, they have not been exhausted as required by 28 U.S.C. § 2254(b)(1). Moreover, the magistrate judge found that each of the claims failed as a matter of law on the existing record without further need for factual development.

C.

The petitioner does not object to the magistrate judge's conclusion that the claims in his habeas petition lack merit. The failure to file objections to the report and recommendation waives any further right to appeal. *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Likewise, the failure to object to an unfavorable portion of the magistrate judge's report releases the Court from its duty to independently review the issue. *Thomas v. Arn*, 474 U.S. 140, 152 (1985); *see also Cephas v. Nash*, 328 F.3d 98, 1078 (2d Cir. 2003) ("As a rule, a party's failure to object to any purported error or omission in a magistrate judge's report waives further judicial review of the point."); *Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002) ("As to the parts of the report and recommendation to which no party has objected, the Court need not conduct a review by any standard."). Nonetheless, the Court has reviewed the claims raised in the petition and finds that the magistrate judge correctly concluded that they do not warrant habeas relief.

The petitioner did object to the magistrate judge's conclusion that he is not entitled to an evidentiary hearing to develop *new* claims that were not asserted in the petition and, instead, were raised for the first time in the petitioner's reply brief. However, the petitioner's new claims are not properly before the Court. *Lawson v. Smith*, No. 14-10499, 2014 WL 6686772, at *6 (E.D. Mich. Nov. 26, 2014) ("A traverse or reply to an answer to a petition for writ of habeas corpus is not the

proper pleading for a habeas petitioner to raise additional grounds for relief.") (citing *Burns v. Lafler*, 328 F. Supp. 2d 711, 724 (E.D. Mich. 2004)); *Argue v. Current MDOC Special Activities Dir.*, No. 1:08-CV-186, 2011 WL 976408, at *3 (W.D. Mich. Mar. 16, 2011) ("remarking, in habeas case, that habeas petitioner's 'reply is not a vehicle for amending the petition with new claims.'") (quoting *West v. Foster*, 2010 WL 3636164, *7 n. 7 (D. Nev. Sept. 9, 2010)); *Perry v. United States*, No. 04-40237, 2007 WL 2121641, at *5 (E.D. Mich. May 25, 2007) ("The Sixth Circuit has not yet addressed the issue of whether a habeas petitioner may raise new claims in the reply, but other courts have determined that a reply is not the proper pleading to raise new issues, because it does not adequately notify the state of the claim or permit the state an opportunity to oppose it.") (citing *Taylor v. Mitchell*, 296 F. Supp. 2d 784, 798 (N.D. Ohio 2003)). Moreover, the claims were not raised in state court and therefore have not been exhausted as required by 28 U.S.C. § 2254(b)(1). *Martin v. Mitchell*, 280 F.3d 594, 603 (6th Cir. 2002) ("*Habeas corpus* relief is available only if the applicant first exhausts remedies available in state court."); *Prather v. Rees*, 822 F.2d 1418, 1420 (6th Cir. 1987) ("Although this court has the discretionary power to do so, it ordinarily will not review state court proceedings under a habeas corpus petition unless the defendant has exhausted his claims before the state courts.").

     In his objections, the petitioner argues that the Court should review his new claims on the merits, conduct an evidentiary hearing, and apply a relaxed standard of review, because he has raised a credible claim of actual innocence. In *McQuinnin v. Perkins*, 133 S. Ct. 1924, 1928 (2013), on which the petitioner relies for this argument, the Supreme Court held that "actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar . . . or, . . . [the] expiration of the statute of limitations." The Court did not suggest

that a claim of actual innocence would excuse an exhaustion failure, nor would it signal a departure from AEDPA's review standard. The Court also cautioned that "actual-innocence gateway pleas are rare" and "'[a] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Ibid.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). Moreover, "'actual innocence' means factual innocence, not mere legal insufficiency," *Bousley v. United States*, 523 U.S. 614, 623-24 (1998) (citing *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992)). The petitioner's challenges to his convictions do not satisfy that requirement, because they are largely about the sufficiency of the evidence; they do not suggest that the petitioner did not commit the robbery or aid in the murder. Nevertheless, even if the petitioner had exhausted his new claims and raised them in his habeas petition, he would not be entitled to an evidentiary hearing or habeas relief.

1.

The petitioner objects to the magistrate judge's conclusion that the petitioner is not entitled to an evidentiary hearing on his claim that appellate counsel failed to raise a claim that the trial counsel was ineffective for failing to object to the submission of the felony murder charge on the theory that he was both a principal and an aider and abetter. He says that there was no evidence that he was a principal. Although he concedes that there was evidence that there was a robbery planned, the petitioner contends that there was no evidence that a murder was planned. The petitioner contends that shots were fired when the petitioner was upstairs and he did not aid and abet the felony murder. Therefore, the petitioner contends that it was erroneous to submit the charge of felony murder to the jury.

-9-

However, even if the evidence was insufficient, the magistrate judge correctly reasoned that the petitioner cannot show that he was prejudiced by the instruction. The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs the Court's analysis of ineffective assistance of counsel claims. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To establish a claim of ineffective assistance of counsel, a habeas petitioner must show both deficient performance and prejudice. *Premo v. Moore*, 562 U.S. 115, ---, 131 S. Ct. 733, 739 (2011) (quoting *Knowles v. Mirzayance*, 556 U.S. 111, 122 (2009)). The magistrate judge correctly noted that the prosecutor did not argue that the petitioner was guilty as a principal, Instead, he took the position that

> this was a matter of aiding and abetting, people aiding and abetting in this crime. There is no dispute whatsoever that Dione Wade is the person who pulled the trigger.

Rep. & Rec. at 31 (quoting Trial Tr., Apr. 19, 2010, at 8). The petitioner's argument therefore is without merit and the Court will overrule his objection.

2.

The petitioner contends that the jury instructions did not inform the jury sufficiently of the necessity for a unanimous verdict where the defendant was charged with, and the jury was instructed upon, both theories of guilt. The petitioner contends that the possibility of a compromise verdict arose because some of the jurors could have accepted the theory that he was a principal and others, rejecting that, could have found only that he was an aider and abetter.

The petitioner is incorrect. Under state law, "if the jury was unable to unanimously agree whether defendant acted as a principal or an aider and abettor in the offense, but did unanimously agree that he participated in the crime as one or the other, the jury's verdict of guilty would be supported by the evidence and specifically authorized by the trial court's instruction." *People v. Smielewski*, 235 Mich. App. 196, 202, 596 N.W.2d 636, 639 (1999); *see also People v. Solomon*,

-10-

No. 316046, 2014 WL 7186903, at *1 (Mich. Ct. App. Dec. 11, 2014) ("[B]ecause defendant could have been convicted absent complete unanimity with respect to the alternative theories, the jury's verdict did not constitute an impermissible compromise verdict."); *People v. Dimitroff*, No. 210168, 1999 WL 33445313, at *2 (Mich. Ct. App. Apr. 30, 1999) ("Where there is sufficient evidence to find defendant guilty as either a princip[al] or as an aider and abettor, jury unanimity is not required with respect to each particular theory."). Moreover, the trial court's charge to the jury accurately reflected the law. Michigan Compiled Laws section 767.39 abolished the common law distinction between an accessory before the fact and a principal. "The Legislature's purpose in passing this statute was to abolish the common-law distinction between accessories before the fact and principals so that one who counsels, aids, or abets in the commission of an offense may be tried and convicted as if he had directly committed the offense." *Smielewski*, 235 Mich. App. at 203, 596 N.W.2d at 640 (citing *People v. Palmer*, 392 Mich. 370, 378, 220 N.W.2d 393 (1974)). The petitioner's second objection will be overruled.

3.

The petitioner contends that the prosecution presented no evidence to show that he was guilty of aiding and abetting first-degree felony murder. He contends that such a theory was not charged in the information and, if it was, the jury instructions did not inform the jury adequately of their duty to make a unanimous finding. The petitioner contends that there was no testimony that the petitioner was in the basement at the time of the murder, so he could not be guilty as a principal, and no evidence that the petitioner planned, assisted, or encouraged the murder, so he could not be convicted of aiding and abetting felony murder.

Again, the petitioner is mistaken. Under Michigan law, aiding and abetting requires evidence that (1) the defendant or some other person committed the crime charged; (2) the defendant performed acts or gave encouragement that aided and assisted the commission of the crime; and (3) the defendant intended the commission of the crime or had knowledge that the principal intended its commission at the time he gave aid or encouragement. *People v. Acosta*, 153 Mich. App. 504, 511-12, 396 N.W.2d 463, 467 (1986). "To prove felony murder on an aiding and abetting theory, the prosecution must show that the defendant (1) performed acts or gave encouragement that assisted the commission of the killing of a human being, (2) with the intent to kill, to do great bodily harm, or to create a high risk of death or great bodily harm with knowledge that death or great bodily harm was the probable result, (3) while committing, attempting to commit, or assisting in the commission of the predicate felony." *People v. Riley*, 468 Mich. 135, 140, 659 N.W.2d 611, 614 (2003) (citing *People v. Carines*, 460 Mich. 750, 755, 597 N.W.2d 130 (1999)). The magistrate judge correctly concluded that Treisa Lyle's testimony, if believed, was sufficient to establish that the petitioner aided and abetted the murder. She testified that Dothard went to Harper's house with a gun, participated in the robbery, observed Wade fire his gun inside the house, assisted Wade in bringing Harper to the basement where he was later shot, helped collect items from Harper's home, and received some of the stolen property. The petitioner's objection on this ground will be overruled.

4.

The petitioner contends that the jury clerk failed to give the jury oath as mandated by statute and court rules and the trial court's failure to swear in the jury was plain error. He believes that trial and appellate counsel were ineffective when they failed to allege that error. However, that argument is meritless for at least two reasons. *First*, "the swearing of the jury generally involves

a matter of state law that is not cognizable in federal habeas review." *Calloway v. McQuiggin*, No. 2:11-CV-10005, 2013 WL 4784412, at *4 (E.D. Mich. Sept. 6, 2013). *Second*, the jury instruction that was given tracked the oath set forth in Michigan Compiled Laws section 768.14 and "served its purpose of informing the jurors that they were to pay attention to the evidence, judge the credibility of the witnesses, and conduct themselves at all times consistent with the important role in which they were serving." *People v. Carter*, No. 239350, 2003 WL 22017813, at *1 (Mich. Ct. App. Aug. 26, 2003) (citing *People v. Pribble*, 72 Mich. App. 219, 224-25, 249 N.W.2d 363 (1976)). Habeas relief cannot be predicated on this technical, nonsubstantive departure from a state court rule.

5.

Sixth, the petitioner contends his sentences for both first-degree felony murder and the underlying offense of armed robbery violated the Double Jeopardy Clause. However, as the magistrate judge explained, the Double Jeopardy Clause does not prohibit multiple punishments for the same conduct when the legislature intends to impose cumulative penalties. *Missouri v. Hunter*, 459 U.S. 359, 368-69 (1983). Federal courts "must accept the state court's interpretation of the legislative intent for the imposition of multiple punishments[.]" *Brimmage v. Sumner*, 793 F.2d 1014, 1015 (6th Cir. 1986); *see also White v. Howes*, 586 F.3d 1025, 1028 (6th Cir. 2009) (observing that "[f]ederal court rulings upholding multiple convictions have involved convictions for felony predicate crimes (such as felony murder) and their underlying felonies"); *Galvan v. Prelesnik*, No. 13-1695, 2014 WL 4958078 (6th Cir. Oct. 3, 2014) (holding that the federal habeas court was required to defer to Michigan state court's interpretation of state law that convictions for

first-degree felony murder and predicate felony of first-degree home invasion did not violate the Double Jeopardy Clause's protection from multiple punishments for same offense).

Michigan courts have found that the state legislature intended to condone multiple punishments for felony murder and the underlying felony. In *People v. Ream*, 481 Mich. 223, 240, 750 N.W.2d 536, 546 (2008), the Michigan Supreme Court held that "convicting and sentencing a defendant for both first-degree felony murder and the predicate felony does not violate the 'multiple punishments' strand of the Double Jeopardy Clause . . . ." Therefore, no double jeopardy violation can be found as a result of the petitioner's convictions and sentences for felony murder and armed robbery.

### III.

The Court agrees with the magistrate judge's statements of the law and his analysis. The Court concludes that the petitioner is not in custody in violation of the Constitution or laws of the United States.

Accordingly, it is **ORDERED** that the petitioner's objections to the magistrate judge's report and recommendation [dkt #15] are **OVERRULED**.

It is further **ORDERED** that the report and recommendation [dkt #12] is **ADOPTED**.

It is further **ORDERED** that the motion for evidentiary hearing [dkt. #10] is **DENIED**.

It is further **ORDERED** that the petition for a writ of habeas corpus is **DISMISSED WITH PREJUDICE**.

                                s/David M. Lawson
                                DAVID M. LAWSON
                                United States District Judge

Dated:   February 3, 2015

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on February 3, 2015.

         s/Susan Pinkowski
         SUSAN PINKOWSKI